<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KIM A. FELLENZ, | : | |
| | : | Civ. No. 04-3992 (AET) |
| Plaintiff, | : | |
| | : | <u>MEMORANDUM & ORDER</u> |
| v. | : | |
| | : | |
| LOMBARD INVESTMENT CORP., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| LINDA LOMBARDI and LOMBARD | : | |
| INVESTMENT CORP., | : | |
| | : | Civ. No. 04-5768 (AET) |
| Plaintiffs, | : | (consolidated with Civ. No. 04-3992) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | Civ. No. 04-6105 (AET) |
| Plaintiff | : | (consolidated with Civ. No. 04-3992) |
| | : | |
| v. | : | |
| | : | |
| LINDA LOMBARDI, et al., | : | |
| | : | |
| Defendants. | : | |

<u>THOMPSON, U.S.D.J.</u>

This matter comes before the Court on Defendant 1221 Kingsley Avenue Corp.'s

-1-

("1221") Motion to Deposit $42,170.55 with the Clerk of the United States District Court, District of New Jersey, and to Dismiss Count 20 of the United States's Complaint. The Court has decided this motion after considering the parties' written submissions and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, the Court will deny the motion.

In December 1999, Defendant 1221 purchased the premises known as 1221 Kingsley Avenue, Asbury Park, New Jersey ("1221 Kingsley property") from Defendant Lombard Investment Corp. ("LIC"). At the time of the sale, Defendant 1221 executed a purchase money mortgage in favor of Defendant LIC in the amount of $50,000, to be paid in monthly installments of $387.65 for five years, with a balloon payment due in December 2004. Defendant 1221 made payments on the mortgage to LIC through July 2004, when it was served with a notice of levy from the IRS. The levy was issued to collect the unpaid income taxes of deceased taxpayer Kenneth Lombardi. According to Plaintiff United States, Mr. Lombardi had originally owned the 1221 Kingsley property, and had fraudulently transferred it to Defendant LIC when he was assessed by the IRS for failure to pay taxes. As a result, Defendant 1221's debt to Defendant LIC under the purchase money mortgage was subject to the tax levy.

In accordance with the levy, Defendant 1221 paid its mortgage payments to the IRS from August 2004 through November 2004. To date, however, Defendant 1221 has yet to pay the balance of the mortgage, in the amount of $42,170.55. Defendant 1221 now seeks (1) permission to pay the $42,170.55 to the Clerk of the Court to satisfy its obligations under the mortgage so that it can sell the 1221 Kingsley property, and (2) dismissal of Count 20 of Plaintiff United States's Amended Complaint, which seeks satisfaction of the levy, or, in the alternative, foreclosure of the federal tax lien on unpaid balance of the mortgage.

Under 26 U.S.C. § 6331, the IRS may collect unpaid taxes by levying on property of the delinquent taxpayer. "[A]ny person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the [IRS], surrender such property or rights (or discharge such obligation) to the [IRS]." 26 U.S.C. § 6332(a). If such a person surrenders such property to the IRS, he or she "shall be discharged from any obligation or liability to the delinquent taxpayer and any other person" with respect to that property. 26 U.S.C. § 6332(e).

As the Third Circuit explained in Virgin Islands Bureau of Internal Revenue v. Chase Manhattan Bank, 312 F.3d 131, 136 (3d Cir. 2002), Plaintiff United States can enforce a tax lien in two ways, either by filing a 26 U.S.C. § 7403(a) lien foreclosure suit to determine the priorities of claimants to the property levied upon, or through the administrative levy mechanism of 26 U.S.C. § 6331. In Count 20 of its Amended Complaint, Plaintiff United States raises both of these enforcement mechanisms by pleading them in the alternative.

In its motion, Defendant 1221 indicates its willingness to comply with the administrative levy, but wishes to pay its mortgage debt to the Clerk of the Court, rather than to the IRS, out of concern that there may be a dispute between Plaintiff United States and Defendant LIC regarding the disposition of the funds. An administrative levy is a "provisional remedy, which does not determine the rights of third parties until after the levy is made, in postseizure administrative or judicial hearings." United States v. Nat'l Bank of Commerce, 472 U.S. 713, 731 (1985) (emphases omitted). The levy "protect[s] the Government against diversion or loss while such claims are being resolved." Id. at 721. In addition, Plaintiff United States does not automatically gain ownership of property obtained through a levy because it "steps into the taxpayer's shoes . . . [and] acquires whatever rights the taxpayer himself possesses." Id. at 725. Therefore, Defendant

1221's concerns about paying the administrative levy to Plaintiff United States are misplaced.

Accordingly, the Court will direct Defendant 1221 to pay the balance of its mortgage debt to Plaintiff United States. Once Defendant 1221 has paid its obligations under the levy to Plaintiff United States, it will be protected under 26 U.S.C. § 6332(e) from any further liability to Defendant LIC due to the purchase money mortgage. At that time, it can apply to the Court for dismissal of Count 20 of the Amended Complaint.

For the foregoing reasons, and for good cause shown,

IT is on this 28th day of December, 2005,

ORDERED that Defendant 1221's Motion to Deposit $42,170.55 with the Clerk of the United States District Court, District of New Jersey, and to Dismiss Count 20 of the United States's Complaint is DENIED; and it is further

ORDERED that Defendant 1221 shall pay the sum of $42,170.55, plus any applicable interest under 26 U.S.C. § 6332(d)(1), to the United States (made payable to the U.S. Treasury and sent to the Government's trial counsel at the U.S. Department of Justice, Tax Division (Attn: Charles M. Flesch)) in compliance with the levy it received from the Internal Revenue Service.

    s/ Anne E. Thompson
    ———————————————
    ANNE E. THOMPSON, U.S.D.J.